UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00148-GNS-HBB

JACK WARREN
BOBBY WARREN                                                                                       PLAINTIFFS

v.

SHEBA LOGISTICS, LLC
EYOB G. TEKLE                                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Remand (DN 7) filed by Plaintiffs Jack and Bobby Warren ("the Warrens"). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the Court **DENIES** the motion.

### I.     BACKGROUND

This action is brought to recover for injuries allegedly sustained by the Warrens in a motor vehicle accident. (Pls.' Mem. in Supp. of Mot. to Remand 1, DN 7 [hereinafter Pls.' Mot.]). The accident occurred when a tractor-trailer driven by Sheba Logistics, LLC employee Eyob G. Tekle collided with Plaintiffs' automobile. (Pls.' Reply to Mot. to Remand, DN 9 [hereinafter Pls.' Reply]). Plaintiffs filed their Complaint in Barren Circuit Court on August 31, 2015. (Compl., DN 1-2). In accordance with Kentucky Rule of Civil Procedure 8.01(2), the Complaint did not specifically allege any amount of damages. (Pls.' Mot. 1). Defendants were both served by September 16, 2015, and in turn served Plaintiffs with their answer and interrogatories requesting information regarding damages on October 2, 2015. (Pls.' Mot. 2; Defs.' Resp. to Mot. to Remand 2, DN 8 [hereinafter Defs.' Resp.]). On November 13, 2015,

Defendants received Plaintiffs' responses to interrogatories indicating the total amount of damages sought exceeded one-million dollars. (Pls.' Mot. 2; Defs.' Resp. 2). Defendants removed this action to this Court on December 3, 2015. (Defs.' Resp. 2).

Plaintiffs filed their Motion to Remand on December 8, 2015. Fully briefed, the matter is now ripe for adjudication.

## II.   STANDARD OF REVIEW

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). A case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. After the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c). Further, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen in Right of Province of Ont. v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citation omitted).

## III.   DISCUSSION

The sole issue before the Court is when Defendants should have reasonably ascertained this action was removable. Under 28 U.S.C. § 1446(b), Defendants must have removed the matter to this Court within thirty-days after a fair reading of the complaint would have indicated that the minimum jurisdictional amount for removal existed. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). If a fair reading of the Complaint alone does not indicate the case is removable, the Court looks to the *actual* knowledge of the defendant regarding damages in order to determine when a case becomes removable. *See id*. ("Both Judges Hood and

McKinley reached the logical conclusion that one must consider a defendant's actual knowledge to determine when the thirty-day period commences."). This is not to say, however, that the Court must look to information a defendant *could have* obtained regarding a plaintiff's claimed damages. Instead, the Court considers the thirty-day period to begin only when a defendant actually obtains facts which make eligibility for removal readily ascertainable by a preponderance of the evidence. *See Clark v. Kroger Ltd. P'ship*, No. 5:15-CV-00189-GNS-HBB, 2015 WL 7871053, at *2 (W.D. Ky. Dec. 3, 2015); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (concluding "preponderance of the evidence" or "more likely than not" is the appropriate standard), *abrogated on other grounds by Hertz v. Friend*, 559 U.S. 77 (2010).

Plaintiffs contend that Defendants ascertained this matter was removable upon service of the Complaint in September 2015. (Pls.' Mot. 1). In response, Defendants assert they were only able to ascertain the amount claimed when Plaintiffs answered the Defendants' interrogatories on November 13, 2015, and thus filed within the allowable thirty-day period. (Defs.' Mot. 7). In this case, Defendants did not know the extent of Plaintiffs' claimed damages until the receipt of Plaintiffs' discovery responses on November 13, 2015. While preponderance of the evidence is not a daunting burden, the standard still requires *evidence*. The Complaint itself makes allegations of severe personal injury which are routinely asserted in complaints arising from car accidents. Bare allegations arising from such claims, do not, by themselves, establish a case is removable. *See King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961-63 (E.D. Ky. 2009) (finding pure speculation regarding damages was insufficient to establish the amount in controversy requirement). While Plaintiffs claim multiple types of damages and describe the general severity of injury in their complaint, this language is commonplace and Defendants are

3

not allowed to remove based on the allegations of the complaint alone when no specific monetary amount is claimed.[1]

Plaintiffs assert Defendants were on notice regarding removability because Defendants had knowledge of the police report related to the subject wreck. (Pls.' Reply 1). Even charging Defendants with constructive knowledge of the contents of the police report, however, would have required speculation that Plaintiffs' claims exceeded the jurisdictional minimum. The police report only indicates one party was injured and does not detail the severity of the injury. (Pls.' Reply Ex. 1, at 1, DN 9-1). Defendants are not required to speculate as to the extent of Plaintiffs' injuries based upon apparently limited information in the police report and boilerplate allegations in the Complaint.

Plaintiffs rely on this Court's holding in *McCraw v. Lyons*, 863 F. Supp. 430, 433 (W.D. Ky. 1994), for the proposition that bare allegations in a complaint are sufficient to put the defendants on notice of removability. In *McCraw*, this Court held that allegations of assault, battery, harassment, and outrageous conduct, coupled with claims of damages for "physical injury, medical expenses, mental suffering, and emotional distress as well as punitive damages and costs" were sufficient to put the defendant on notice that the damages sought exceeded the jurisdictional threshold in effect at the time. *Id.* at 434. The Court postulated that the defendant should have removed the case first, sought to stay any motion to remand, and then conducted discovery to confirm the defendant's basis for his belief that the amount of damages sought met the jurisdictional requirements. *See id.* at 435.

---

[1] Plaintiffs seek recovery for the gambit of damages including compensatory damages for physical injury, medical expenses, mental suffering, and emotional distress as well as punitive damages and costs. (Compl. 1-4). While Plaintiffs argue this should have put Defendants on notice regarding the severity of their injuries, this type of language is commonly included in complaints as a matter of course regardless of the actual severity of the injuries involved.

This Court disagrees with the holding in *McCraw* and does not believe that speculation based upon generic descriptions of unliquidated damages in a complaint is sufficient to meet the preponderance of evidence standard. This Court, however, has also limited *McCraw* depending on the nature of the tort injury alleged in the case. *See Akwei v. JBS USA, LLC*, No. 3:13-CV-00819-CRS-JDM, 2014 WL 2457389, at *3 n.3 (W.D. Ky. June 2, 2014) (declining to follow *McCraw* in an employment discrimination suit); *Vaughan v. Dillards, Inc.*, No. 3:08-CV-441H, 2008 WL 4820772, at *2 (W.D. Ky. Oct. 31, 2008) (overruling a motion to remand in a slip-and-fall lawsuit).[2] In line with the holdings limiting *McCraw*, the Court declines to extend *McCraw* to this traffic accident claim. Vehicle accidents can certainly result in routine injuries that are not severe, although it is equally true that such cases frequently involve claims exceeding the minimum jurisdictional limits of this Court. It is improper to place the burden on a defendant to guess at the extent of the compensation claimed by a plaintiff in the hope that later discovery may prove the defendant right, and to penalize that defendant when it guesses wrong.

A broad reading of *McCraw* would require a defendant to file a notice of removal before obtaining any *evidence* regarding a plaintiff's damages in many cases. The Court declines to extend *McCraw* that far. This is not to say the thirty-day period can never begin to run prior to responses to discovery. As noted in the Court's holding in *Clark*, the time period for removal begins to run once the defendant has actual knowledge the claim may exceed the jurisdictional minimum. *See Clark*, 2015 WL 7871053, at *1-3 (granting a motion to remand where plaintiff's

---

[2] The Court is unable to harmonize the holdings in *McCraw* and *Vaughan*. In *McCraw*, the Court held that the defendant failed to timely remove a complaint alleging intentional torts. *See McCraw*, 863 F. Supp. at 434-35. In contrast, in *Vaughan*, the Court reached the opposite result and noted that "being a slip-and-fall injury from alleged negligence, presents, on its face, one of lesser magnitude than the assault and battery alleged in *McCraw*." *Vaughan*, 2008 WL 4820772, at *3. This Court perceives that logic as being a distinction without a difference, as in neither instance was the amount of damages sought liquidated in the complaints.

pre-suit letter to defendant demanded damages far in excess of the jurisdictional minimum). This simply is not the case here, however, as Defendants had nothing beyond boilerplate allegations and a vague police report to indicate the amount of damages Plaintiffs sought.[3]  The Court denies Plaintiffs' petition for remand in this action.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** the Plaintiffs' Motion to Remand (DN 7) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
March 11, 2016

cc:   counsel of record

---

[3] Plaintiffs claim the severity of the accident is clear based upon "police photographs." (Pls.' Reply 7-8).  The Court does not consider what Defendants could have obtained, only Defendants' actual knowledge.  *See Clark*, 2015 WL 7871053, at *1-3.  While Defendants appear to admit having the police report, the record is devoid of any facts indicating Defendants accessed these photographs.  (Defs.' Resp. 2).