UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00148-GNS-HBB

JACK WARREN; and
BOBBY WARREN                                                                    PLAINTIFFS


v.


SHEBA LOGISITICS, LLC; and
EYOB G. TEKLE                                                                   DEFENDANTS


<u>**MEMORANDUM OPINION & ORDER**</u>

This matter is before the Court upon Defendants' Objection to the Magistrate Judge's Order Compelling an Additional Deposition (DN 35).   For the reasons outlined below, Defendants' objection is **OVERRULED** and the Magistrate's Order (DN 34) is **ADOPTED**.

## I.        BACKGROUND

This is a tort action arising out of an automobile collision involving Plaintiff Jack Warren and Defendant Eyob G. Tekle ("Tekle"), who was driving for Defendant Sheba Logistics ("Sheba") (collectively, "Defendants").   (State Court Docs. 2, DN 1-2).   The parties are now in the midst of a discovery dispute that, as the Magistrate Judge aptly described, arises from a series of miscommunications.   (Order 3, DN 34).   In November 2016, Plaintiffs emailed Sheba about deposing Tekle and Sheba's safety direction around December 2016/January 2017 in the Dallas-Fort Worth area.[1]   (Nov. 9, 2016 Email, DN 29-2).   Sheba then suggested that Plaintiffs take

---

[1] All of the referenced communications were between counsel for the respective parties.

those depositions in late January or February 2017.  (Nov. 15, 2016 Email, DN 29-3).  Realizing

that the proposed dates were outside the current discovery deadline, Sheba also noted that it was

necessary for the parties to enter into an agreed order allowing the depositions.  (Nov. 15, 2016

Email).   Plaintiffs accepted the dates, suggested that Sheba prepare the agreed order, and

inquired, "how does January 26-27 work for the driver depo and Corporate rep work[.]"  (Nov.

21, 2016 Email, DN 29-4).   The next day, Sheba emailed back, "we have not discussed any

corporate representatives, but the driver and Sheba's safety director can be available for

deposition in Dallas on January 26 or 27."  (Nov. 22, 2016 Email, DN 29-5).  A proposed agreed

order was attached to the email.  (Nov. 22, 2016 Email).  The agreed order, apparently prepared

by Sheba, was tendered to the Court on November 23, 2016, identifying Tekle and Segenet

Sebsbie ("Sebsbie") as the deponents. (Proposed Agreed Order/Stipulation, DN 20; Nov. 22,

2016 Email).  Eventually, after another agreed order extending the timeline, Plaintiffs deposed

Tekle and Sebsbie.  (Proposed Agreed Order/Stipulation, DN 24; Order 2).

Well, as it turned out Sebsbie is not Sheba's safety director and Plaintiffs subsequently

moved the Court to compel Sheba to make its safety director available for deposition.  (Order 2-

3).  Defendants asked the Magistrate Judge to deny Plaintiffs' motion for the following reasons:

(1) the object of the motion is a futility because the current safety director was not employed by

Sheba at the time in question and has no relevant knowledge; (2) Plaintiffs specifically identified

Sebsbie in the notice of deposition; (3) the motion was filed 40 days after the close of discovery,

thus triggering the necessity that Plaintiffs demonstrate excusable neglect under Fed. R. Civ. P.

6(b); (4) Plaintiffs motion was filed 25 days after the deadline for filing discovery motions as set

forth in the scheduling order; (5) Plaintiffs motion is unsupported by citation of legal authority;

and (6) Plaintiffs failed to comply with the requirement in the scheduling order that the parties

participate in a conference with the undersigned before filing any discovery-related motions. (Order 2).  The Magistrate Judge rejected all of these arguments, in large part because the whole ordeal appeared to have resulted from a misunderstanding.  (Order 3-7).  Now, Defendants argue that the Magistrate Judge's Order is clearly erroneous and contrary to law.  (Defs.' Obj. Magistrate Judge's Order Compelling Additional Dep. 1, DN 35 [hereinafter Defs.' Obj.]).

## II.   STANDARD

District courts may reconsider a non-dispositive pretrial order rendered by a magistrate judge "where it has been shown that the magistrate's . . . order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  "A determination is contrary to law if the magistrate judge misinterpreted or misapplied applicable law."  14 James Wm. Moore et al., *Moore's Federal Practice*, § 72.11[1][b] (Matthew Bender 3d ed. 2017) (citations omitted).  A magistrate judge's order on a non-dispositive matter "should draw great deference, as the 'clearly erroneous' and 'contrary to law' standards of review present a sizeable burden for a district court to overcome."  *U.S. Sec. Assocs., Inc. v. Wade*, No. 05-CV-73931-DT, 2006 U.S. Dist. LEXIS 29310, at *9 (E.D. Mich. Apr. 25, 2006) (citation omitted).

## III.   DISCUSSION

Essentially, Defendants make three arguments in support of their objection:  (1) the Magistrate Judge improperly shifted the burden of proof; (2) the Magistrate Judge failed to balance the likely benefit of the proposed discovery against its burden and expense and otherwise

ignored the limits of discovery set out in Fed. R. Civ. P. 26(b)(1); and (3) Plaintiffs failed to establish excusable neglect as required by Fed R. Civ. P. 6(b).  (Defs.' Obj. 1, 4-7).

Defendants' first argument is unpersuasive.  In the Order granting Plaintiffs' motion to compel, the Magistrate Judge rejected Defendant' futility argument because it did not "rule out the possibility that the current safety director might have discoverable knowledge of Sheba's safety practices and policies during the relevant time period or Sheba's records related to those practices and policies."  (Order 5).  Defendants argue that, in so doing, the Magistrate Judge improperly shifted the burden of proof to them, correctly noting that "[t]he proponent of a motion to compel discovery bears the initial burden of proving that information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (internal quotation marks omitted) (citation omitted).  Admittedly, in their motion to compel, Plaintiffs failed to address why deposing the current safety director would lead to discoverable information.  (*See* Pls.' Mot. Compel & Mot. Extension Time Respond Defs.' Mot Partial Summ. J., DN 29).  As a result, in their response, Defendants argued that Plaintiffs' motion should be denied.  (Defs.' Resp. Pls.' Mot. Compel Disc. & Extension Time 1-3, DN 30).  Plaintiffs replied by explaining that "the safety director insures safe fleet management as well as oversee[s] the safety, qualifications and training of drivers[,]" and thus has both relevant and discoverable information.  (Pls.' Reply Pls.' Mot. Compel & Mot. Extension Time Respond Defs.' Mot. Partial Summ. J. 1, DN 31).  In rejecting Defendants' argument on this point, the Magistrate Judge elaborated on the types of information the current safety director might have and concluded that such information would fall within the scope of discovery permitted by the Federal Rules of Civil Procedure.  Given the deference to which Magistrate Judge Brennenstuhl's ruling is entitled, his conclusion is not clearly erroneous.

The Court finds Defendants' remaining arguments unpersuasive as well.  Defendants contend that it is "uncontroverted" that the current safety director has no relevant personal knowledge and the expense and burden involved in traveling to Texas for another deposition "exponentially outweigh the speculative 'benefit' afforded by a 'possibility that the current safety director might have discoverable knowledge . . . .'" (Defs.' Obj. 6).  Defendants provided no affidavit from Sheba's current safety director when responding to Plaintiffs' motion to compel and they have failed to provide one in support of their objection.

In support of their third argument, Defendants aver that "Plaintiffs have not even established the 'excusable neglect' that would entitle them to disregard the Court's deadlines with impunity."  (Defs.' Obj. 6).  The Magistrate Judge, however, addressed this issue extensively in the Order explaining that "in light of the misunderstanding between the parties and their agreement to extend the discovery deadline for the depositions of Sheba's personnel, . . . the scheduling order [does not] clearly prohibit [Plaintiffs'] motion under the circumstances." (Order 5-6).  Again, Magistrate Judge Brennenstuhl's ruling appears reasonable and will not be disturbed.

Ultimately, the Court finds the Magistrate Judge's Order neither clearly erroneous nor contrary to law.  Defendants fail to appreciate that the Magistrate Judge's Order is an attempt to equitably resolve a simple misunderstanding—notwithstanding the fact that the undersigned, like the Magistrate Judge, "is unable to discern . . . why the order [Sheba] proposed to the [Plaintiffs] was for Tekle and Sebsie, whom Sheba knew was not the safety director."  (Order 4).  While defense counsel surely was not trying to hide the ball, it appears that identifying Sebsbie in the agreed order contributed to the confusion.  Under the circumstances, the Magistrate Judge made the correct call.

5

## IV.   <u>CONCLUSION</u>

Defendants' Objection to the Magistrate Judge's Order Compelling an Additional Deposition (DN 35) is **OVERRULED**.


**Greg N. Stivers, Judge**
**United States District Court**
March 31, 2017


cc:      counsel of record